UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
LAWRENCE WOODS,

                       Plaintiff,

        -against-

CITY OF NEW YORK; JOHN CHILELLI (in a
professional and individual capacity); SERGEANT
RODRIGUEZ (in a professional and individual
capacity); and POLICE OFFICER MCBRIDE (in a
professional and individual capacity),

                       Defendants.
--------------------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**
*Jury Trial is Demanded*



PLAINTIFF, LAWRENCE WOODS, by and through their attorney, Jacob Z.

Weinstein, Esq., providing upon information and belief the following Complaint and state

and allege as follows:

## PRELIMINARY STATEMENT

1.     This is a civil action seeking monetary relief, a declaratory judgment,

compensatory and punitive damages, disbursements, costs and fees for violations of

Plaintiff's rights, abuse of process, false arrest, malicious prosecution, and gross

negligence, brought pursuant to 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth

Amendments of the United States Constitution, and the laws of the State of New York.

2.     Specifically, Plaintiff alleges Defendants (collectively and individually) did

detain and search Plaintiff without probable cause, falsely arrested Plaintiff and were

instrumental in the malicious prosecution of Plaintiff, for crimes he did not commit.

3.     Plaintiff alleges that the Defendants (collectively and individually) negligently,

wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive

Plaintiff of his Constitutional rights, pursuant to the above-mentioned statutes and causes

of action by committing acts under color of law and depriving Plaintiff of rights secured by the United States Constitution, Federal law and laws of the State of New York.

4.      Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully and under color of law harassed, falsely arrested, and maliciously prosecuted Plaintiff.

5.      Plaintiff alleges that the Defendants (collectively and individually) unlawfully stopped and detained Plaintiff and abused the power and rights given to Defendants (collectively and individually) in their capacities as members of the New York City Police Department.

6.      Defendants (collectively and individually) were grossly negligent and/or intentionally and recklessly breached their duties of care and duties to intervene with respect to the interactions with and treatment of Plaintiff as described herein.

7.      Plaintiff further alleges Defendant City of New York was negligent in training, hiring, and supervising its Police Officers, employees, representatives, and/or agents. Further, Plaintiff alleges that Defendant City of New York was deliberately indifferent to the need to train its Officers. Accordingly, Defendants are liable to the Plaintiff for abuse of process, false arrest, and malicious prosecution, for conspiring to condone and encourage such civil rights violations and for maliciously failing to investigate and punish the actions of the individual Defendants.

8.      As a result of the Defendants' actions (collectively and individually), Plaintiff suffered a violation of his constitutionally protected rights and significant and lasting harm.

## JURISDICTION AND VENUE

9.      This action is being brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

10.     The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

11.     This court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

12.     Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in The City of New York, Queens County.

## PARTIES

13.     Plaintiff, LAWRENCE WOODS (hereinafter "WOODS" or "PLAINTIFF"), is a 32-year-old black male, who as all relevant times herein was residing in New York State, Queens County.

14.     Upon information and belief, the defendant CITY OF NEW YORK (hereinafter "NEW YORK CITY" or "DEFENDANT CITY") is a duly constituted municipal corporation of the State of New York.  Upon information and belief, NEW YORK CITY formed and has direct authority over several different departments including the New York City Police Department (hereinafter "NYPD").  The aforementioned department and/or employees, agents, or representatives of these departments are directly involved in violations that are at issue in this complaint.

15.     Upon information and belief, Defendant JOHN CHILELLI (hereinafter "DEFENDANT CHILELLI" or "CHILELLI") at all relevant times herein was a member

of the NYPD, Patrol Borough Queens South, Anti-Crime Unit with a Tax Registry Number of 951608.

16.     Upon information and belief, Defendant SERGEANT RODRIGUEZ (hereinafter "DEFENDANT RODRIGUEZ" or "RODRIGUEZ); at all relevant times herein was a member of the NYPD, Patrol Borough Queens South, Anti-Crime Unit.

17.     Upon information and belief, Defendant POLICE OFFICER MCBRIDE (hereinafter "DEFENDANT MCBRIDE" or "MCBRIDE") at all relevant times herein was a member of the NYPD, Patrol Borough Queens South, Anti-Crime Unit with a Tax Registry Number of 947237.

18.     Defendants CHILELLI, RODRIGUEZ, and MCBRIDE are hereinafter collectively referred to as the INDIVIDUAL DEFENDANTS.

19.     The INDIVIDUAL DEFENDANTS and DEFENDANT CITY are hereinafter collectively referred to as the DEFENDANTS.

20.     The INDIVIDUAL DEFENDANTS are being sued in their individual and official capacities.

21.     At all relevant times herein, INDIVIDUAL DEFENDANTS were acting under color of New York State and Federal law.

## **FACTUAL ALLEGATIONS**

22.     On September 7, 2017, at approximately 3:00 A.M., PLAINTIFF was in a vehicle traveling in Jamaica, Queens, New York State.

23.     The individuals in the vehicle were situated as follows: Matthew Elias was the driver, Latiff Thompson was in the front-passenger seat, and WOODS was in the rear-passenger seat with Tyquan Henderson.  All the occupants were young black men.

24.     The vehicle was pulled over by CHILELLI and RODRIGUEZ, who were driving an unmarked police vehicle, Mr. Elias complied with the car-stop.

25.     While being pulled over, multiple unmarked police vehicles pull up in front of the vehicle.

26.     DEFENDANT CHILELLI immediately asked all the vehicle's occupants if anyone was on parole or probation, without any basis for asking this question, other then the color of WOODS and other occupants' skin.

27.     Upon information and belief, only when WOODS and Mr. Elias responded in the affirmative, did DEFENDANT CHILELLI instruct each and every person in the vehicle to exit, to which everyone complied.

28.     Upon information and belief, the INDIVIDUAL DEFENDANTS did not know of any present violation of WOODS or Mr. Elias' terms of release by Parole.

29.     DEFENDANT MCBRIDE allegedly recovered a firearm from Mr. Thompsons person, specifically from within his pants.

30.     Mr. Thompson maintains he was never in possession of any firearm.

31.     WOODS never observed any firearm.

32.     There was never any allegation of Mr. Elias or WOODS being in possession of any firearm.

33.     RODRIGUEZ, the ranking officer on scene, authorized the arrest of all of the vehicle's occupants, including WOODS.

34.     DEFENDANTS placed WOODS under arrest and collectively charged WOODS, Mr. Thompson and Mr. Elias with two counts of Criminal Possession of a

Weapon in the Second Degree, and two counts of Criminal Possession of a Weapon in the Third Degree.

35.     Even in the sworn-to Criminal Complaint, signed by CHILELLI, it is acknowledged that the only person allegedly in possession of the firearm was Mr. Thompson.

36.     As a direct result of this arrest, WOODS and Mr. Elias has parole holds placed and were effectively remanded.

37.     For both Mr. Elias and WOODS, CHILELLI testified at their respective parole hearings that in sum and substance, neither Mr. Elias and/or WOODS were in possession of any weapon.

38.     The only sustained charge by the Parole Administrative Law Judge, was that of a curfew violation, however this parole violation resulted in Mr. Elias and WOODS being sentenced significant additional time in prison.

39.     Upon information and belief, the administrative law judges did **NOT** find CHILELLI credible in any substantive form, other than the time of day he encountered Mr. Elias and WOODS.

40.     Upon information and belief, CHILELLI testified that he stopped the vehicle and questioned them about their criminal history because of the "clientele" in the area.

41.     Upon information and belief, DEFENDANTS racially profiled the occupants in the vehicle, including WOODS.

42.     Upon information and belief, but for their arrest by the DEFENDANTS and WOODS would not have been violated on parole.

43.     Because of this time in prison, WOODS missed the birth of his only child.

44.     On September 12, 2017, the N.Y. C.P.L. §180.80 date, the Queens County District Attorney's Office dismissed all counts against WOODS.

45.     On September 25, 2017, Mr. Elias plead guilty to a traffic infraction only, having all other counts dismissed.

46.     On October 2, 2018, Mr. Thompson was indicted by a Grand Jury for two counts of Criminal Possession of a Weapon in the Second Degree and one count of Criminal Possession of a Weapon in the Third Degree.

47.      Mr. Thompson maintains his absolute innocence of these charges.

48.     On June 5, 2018 and June 25, 2018, an evidentiary hearing was held before Justice John Latella, of the New York State Supreme Court, Queens County.

49.     As a result of this hearing, all evidence was suppressed by Justice Latella because, among other reasons:

    i.    The INDIVIDUAL DEFENDANTS did not "based on the facts of this case, have the right to immediately frisk [any of the vehicle's occupants] as a self-protective measure";

    ii.    That the testimony given by CHILELLI regarding his observations prior to the stop was "tailored to avoid constitutional objections to the subsequent police conduct"; and

    iii.   "the fact that a person is convicted of a felony [...] does not by itself give rise to a belief that criminality is presently afoot."

50.     On September 6, 2018, an application by the Queens County District Attorney's Office was made to dismiss all charges against Mr. Thompson, the matter is adjourned to September 20, 2018 for final dismissal.

51.     Such malicious prosecution, gross negligence, abuse of process, and false arrest, resulting in damages, and embarrassment all of which resulted directly from the actions of the DEFENDANTS' actions under color of law and abuse of criminal process against WOODS.

## AS AND FOR A FIRST COUNT,
### 42 U.S.C. § 1983
(False Arrest Against All Defendants)

52.     PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53.     Under color of law, the DEFENDANTS, their agents, employees and servants deprived PLAINTIFF of his Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful seizure in the form of unlawful and wrongful arrest.

54.     Any one of the DEFENDANTS could have prevented a continuation of the wrongs propagated against PLAINTIFF.

55.     At no point did the INDIVIDUAL DEFENDANTS come forward or try to correct the wrongs and civil rights abuses that PLAINTIFF was subject to.

56.     At no point did the INDIVIDUAL DEFENDANTS follow their sworn duty to protect the public from police abuse.

57.     As a consequence of the DEFENDANTS, collectively and individually, unconstitutional actions, grossly negligent behavior, and violation of State and Federal laws, PLAINTIFF was deprived of his freedom; was subject to harm; and was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer distress as a result of the aforesaid unlawful conduct of DEFENDANTS, their agents, employees, and servants.

58. The DEFENDANTS, their agents, employees and servants acted under color of law to deny PLAINTIFF his constitutional rights to due process and freedom from unlawful seizures in the form and false arrest and unlawful imprisonment.

59. Without any reasonable or rational basis for this conduct, the rights secured to PLAINTIFF by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution were violated.

60. Due to the above actions and unlawful conduct, PLAINTIFF has suffered significant harm.

61. The by reason of the foregoing, PLAINTIFF has been damaged.

### AS AND FOR A SECOND COUNT,
### 42 U.S.C. § 1983
(Due Process Against All Defendants)

62. PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63. Under color of law, the DEFENDANTS, their agents, employees and servants deprived PLAINTIFF his Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful seizure in the form Equal Protection and Due Process.

64. PLAINTIFF'S due process was further violated when the INDIVIDUAL DEFENDANTS affirmatively arrested PLAINTIFF, knowing such an arrest had no basis in probable cause, but was in fact based on bias and profiling due to the PLAINTIFF'S race.

65. Any one of the DEFENDANTS could have prevented a continuation of the wrongs propagated against PLAINTIFF.

66.     The INDIVIDUAL DEFENDANTS allowed for and encouraged the abuse of process against PLAINTIFF.

67.     At no point did the INDIVIDUAL DEFENDANTS come forward or try to correct the wrongs and civil rights abuses that PLAINTIFF was subject to.

68.     As a consequence of the DEFENDANTS, collectively and individually, unconstitutional actions, grossly negligent behavior, and violation of State and Federal laws, PLAINTIFF was deprived of his freedom; was subject to great economic and emotional harm; and was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer economic distress as a result of the aforesaid unlawful conduct of DEFENDANTS, their agents, employees, and servants.

69.     The DEFENDANTS, their agents, employees and servants acted under color of law to deny PLAINTIFF his constitutional rights to due process and freedom from unlawful seizures in the form of false imprisonment.

70.     Without any reasonable or rational basis for this conduct, the rights secured to PLAINTIFF by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution were violated.

71.     The by reason of the foregoing, PLAINTIFF has been damaged

### AS AND FOR A THIRD COUNT,
### 42 U.S.C. § 1983
(Malicious Prosecution Against All Defendants)

72.     PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73.    Under color of law, the DEFENDANTS, their agents, employees and servants deprived the PLAINTIFF of his Fourth, Fifth, Sixth and Fourteenth Amendment rights to protection from unlawful seizure in the form of malicious prosecution.

74.    PLAINTIFF'S due process was further violated when the INDIVIDUAL DEFENDANTS affirmatively arrested PLAINTIFF, knowing such an arrest had no basis in probable cause and continued in the wrongful conduct by processing and prosecuting PLAINTIFF.

75.    Any one of the INDIVIDUAL DEFENDANTS could have prevented a continuation of the wrongs propagated against PLAINTIFF.

76.    The DEFENDANTS allowed for and encouraged the abuse of process on PLAINTIFF.

77.    At no point did the DEFENDANTS come forward or try to correct the wrongs and civil rights abuses that PLAINTIFF was subject to.

78.    Upon information and belief, DEFENDANTS' actions and narrative supported and propelled prosecution actions against PLAINTIFF.

79.    As a consequence of the DEFENDANTS, collectively and individually, unconstitutional actions, grossly negligent behavior, and violation of State and Federal laws, PLAINTIFF was deprived of his freedom; was subject to great economic and emotional harm; and was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer economic distress as a result of the aforesaid unlawful conduct of DEFENDANTS, their agents, employees, and servants.

80.     The DEFENDANTS, their agents, employees and servants acted under color of law to deny PLAINTIFF constitutional rights to due process and freedom from unlawful seizures in the form of malicious prosecution.

81.     Without any reasonable or rational basis for this conduct, the rights secured to PLAINTIFF by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were violated.

82.     Due to the above actions and unlawful conduct, PLAINTIFF has suffered significant economic and emotional harm.

83.     The by reason of the foregoing, PLAINTIFF has been damaged

### AND AS FOR A FOURTH COUNT
### 42 U.S.C. § 1983
(Municipal Liability)

84.     PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

85.     In actively inflicting and failing to prevent the above state abuses incurred upon PLAINTIFF'S of abuse of process, false imprisonment, police brutality, disregard to proper training of police officers, assault, battery, and gross negligence; the DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of PLAINTIFF against illegal seizure in the form of false arrest, malicious prosecution, detained custody and other due process violations.

86.     Said civil and constitutional rights are guaranteed to PLAINTIFF by 42 U.S.C. §§ 1983, 1985, and by the Fourth, Fifth, Sixth, and Fourteenth Amendment of the United States Constitution.

87.     NEW YORK CITY exhibited gross negligence and deliberate indifference to PLAINTIFF by allowing the INDIVIDUAL DEFENDANTS to patrol the streets

88.     This gross negligence directly resulted in the appalling wrongs done unto PLAINTIFF by the INDIVIDUAL DEFENDANTS.

89.     Further, abuse of process continued by NEW YORK CITY for their refusal to properly investigate or act on the charges of abuse and gross negligence against the DEFENDANTS (collectively and individually).

90.     Such abuse of process was continued by the DEFENDANTS, their agents, servants, and employees in their refusal to adequately investigate, review and act regarding the abuse and unlawful actions that INDIVIDUAL DEFENDANTS perpetrated on PLAINTIFF.

91.     Both before and after the relevant time periods in this Complaint, NEW YORK CITY has permitted, tolerated, and encouraged a pattern and practice of unjustified, unreasonable, and illegal abuses and arrest of persons by police officers of NEW YORK CITY and the wrongful detention of such persons.

92.     NEW YORK CITY, by policy and conduct has allowed for the racial profiling and illegal characterization of individuals with prior criminal records to control the manner in which the NYPD conducts business.

93.     Although such police conduct was improper, said incidents were covered up by NEW YORK CITY, its agents, employees and servants by official claims that's the

officers' gross negligence, excessive force and abuse of process were justified and proper, or by leveling false charges against the persons who were victims of said gross negligence, excessive force and abuse of process, so as to insulate the offending police officers and other officials from prosecution and liability.

94.     Said charges and official claims have been fully backed by NEW YORK CITY, which has repeatedly and unreasonably sided with the abuse of persons so affected in far to many cases, despite vast evidence of wrongdoing by its police officers against individuals, including PLAINTIFF herein.

95.     Additionally, NEW YORK CITY has systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

96.     Upon information and belief, specific systemic flaws in the NEW YORK CITY misconduct review process include, but are not limited to, the following:

   i.   Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers' actions regardless of whether such actions are justified;

  ii.   Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the unwarranted incidents;

 iii.   Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

  iv.   Supervisory police officers exonerate offending police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

v.   NEW YORK CITY and its police department hastily accepts the police officers' reports as provided regarding abuses and civil rights infringements, despite evidence to suggest that the police reports are inaccurate, untruthful and meant to conceal blatant police misconduct.

97.     Said cover-up by the NEW YORK CITY, was executed in this case where NEW YORK CITY, its agents, employees and servants failed to sufficiently investigate the truthfulness and accuracy of police officers' statements and instead acted under color of statue to knowingly, recklessly and/or negligently impose false charges upon PLAINTIFF.

98.     Upon information and belief, the state tribunals involved in the instant matter all recognized the glaring cover-up by the NYPD in the form of their pretextual stop and tailored testimony.  In essence, NEW YORK CITY encourages and sets policy allowing for "testilying" by officers, feeling the ends justify the means.

99.     By permitting and assisting such a pattern of police misconduct, NEW YORK CITY, acted under color of custom and policy to condone, encourage and promote the deprivation of PLAINTIFF'S Fourth, Fifth, and Fourteenth Amendment rights.

100.     The actions, of the INDIVIDUAL DEFENDANTS in inflicting abuse of process, false arrest, and continued wrongs against PLAINTIFF was a direct result of NEW YORK CITY'S failure to train and supervise the INDIVIDUAL DEFENDANTS, who were each acting under color of law and pursuant to the objectives of NEW YORK CITY.

101.     NEW YORK CITY should have known that such failures and gross negligence would cause the precise economic, emotional, and civil rights injuries suffered herein in by PLAINTIFF.

102.     As a direct consequence of the NEW YORK CITY'S systemic practice, pattern, and custom of intentionally or recklessly promoting and supporting officers' and officials'

violations of 42 U.S.C. § 1983, PLAINTIFF was deprived of his freedom and subject to extensive economic and emotional harm.

103.   As a proximate cause of NEW YORK CITY, its agents, and employees, supporting and effectively promoting the very same police abuses which occurred against PLAINTIFF, PLAINTIFF was subjected to great fear, personal humiliation and degradation, with wanton disregard for the harm and damage done to the economic and emotional wellbeing of the PLAINTIFF.

104.   That by reason of the foregoing, PLAINTIFF have been damaged.

## AS AND FOR THE FIFTH CAUSE OF ACTION: MALICIOUS PROSECUTION
(Against the Individual Defendants)

105.   PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 104 of this Complaint with the same force and effect as though fully set forth herein.

106.   The INDIVIDUAL DEFENDANTS lacked and probable cause to arrest PLAINTIFF; search PLAINTIFF; and/or cause PLAINTIFF to be detained and prosecuted.

107.   The subsequent malicious prosecution of PLAINTIFF, following his wrongful arrest, was conducted with knowledge that PLAINTIFF was wrongfully stopped, falsely detained, and wrongfully arrested.

108.   Such malicious prosecution was committed by the INDIVIDUAL DEFENDANTS under color of law, customs, and statutes of the State of New York.

109.   Under color of law, the DEFENDANTS deprived PLAINTIFF of his rights to protection from unlawful search and seizure by falsely charging him criminally and

prosecuting PLAINTIFF pursuant to such criminal statutes, for which there is no legal evidence or substantiation of any kind to support the allegations.

110.   The accusations of wrongful actions leveled against PLAINTIFF was false and were an attempt by the INDIVIDUAL DEFENDANTS, acting individually and collectively, to cover up the false arrest and abuse of process which has been inflicted by the INDIVIDUAL DEFENDANTS upon PLAINTIFF.

111.   DEFENDANTS collectively and individually initiated the prosecution of PLAINTIFF and/or caused the initiation of said prosecution based upon their affirmative bad-faith actions outlined above.

112.   As a consequence of the INDIVIDUAL DEFENDANTS wrongful actions, gross negligence, and violations of New York State law PLAINTIFF was deprived of his freedom, was made to suffer economic and emotional injuries, was caused to suffer special damages, including legal fees and costs; was subject to great fear, terror, personal humiliation and degradation.

113.   That by reason of the foregoing, PLAINTIFF has been damaged.

## AS AND FOR THE SIXTH CAUSE OF ACTION:
### ABUSE OF PROCESS
(Against all Defendants)

114.   The PLAINTIFF repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 113 of this Complaint with the same force and effect as though fully set forth herein.

115.   DEFENDANTS conduct has resulted in continued and active harm to PLAINTIFF in the form of missing his daughter's birth and a parole violation that would not have occurred but for DEFENDANTS conduct.

116. DEFENDANTS, intentionally, recklessly, and maliciously filed and/or caused to be field, a false, inaccurate, and/or misleading criminal complaint to be made against PLAINTIFF.

117. The criminal complaint was made by the aforementioned DEFENDANTS with knowledge that the criminal complaint was untruthful.

118. The false criminal complaint lodged by DEFENDANTS was brought forth with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

119. DEFENDANTS abused the criminal process for the sole purpose/motive to cover up their own illegal actions.

120. Said criminal complaint was made by the aforementioned DEFENDANTS without any actual research and investigation into the veracity and/or truthfulness of said complaint.

121. The subsequent malicious prosecution of PLAINTIFF was done by DEFENDANTS with the knowledge that such acts contained therein were false, misleading and/or otherwise inaccurate.

122. DEFENDANTS were motivated to committee these wrongs by self-serving ideas of self-preservation to insulate themselves from liability after subjecting PLAINTIFF to multiple violations of his civil rights.

123. DEFENDANTS clear intention was to falsely arrest, falsely prosecute and to cause harm to PLAINTIFF without proper motive, excuse, or justification of any kind.

124. DEFENDANTS use of the criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment

of PLAINTIFF solely for a purpose that was/is outside the legitimate ends of the criminal process; the cover-up of clear police misconduct.

125. As a direct consequence of DEFENDANTS, collective and individual, wrongful actions, grossly negligent behavior, violation of state and federal laws, PLAINTIFF was deprived of his freedom, subject to false criminal arrest, subject to malicious prosecution, made to suffer great personal physical injuries, made to suffer financial/monetary injuries, subjected to great fear, terror, personal humiliation and degradation, and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the DEFENDANTS.

126. That by reason of the foregoing, PLAINTIFF has been damaged.

<u>**AS AND FOR THE SEVENTH CAUSE OF ACTION:**</u>
<u>**GROSS NEGLIGENCE**</u>
(Against the Individual Defendants)

127. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 126 of this Complaint with the same force and effect as though fully set forth herein.

128. The INDIVIDUAL DEFENDANTS, each of them in their individual and official capacities had a duty under New York State's Constitution and the Constitution of the United States to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious prosecution and false charging and other wrongful acts that were committed against PLAINTIFF.

129. The INDIVIDUAL DEFENDANTS, each of them in their individual and official capacities, and NEW YORK CITY, have a duty to conduct proper investigations with regard to all criminal complaints to assure that such criminal complaints are accurate

and truthful. INDIVIDUAL DEFENDANTS are required to undergo any and all investigative procedures reasonably available to make sure persons, like PLAINTIFF, are not falsely/wrongfully arrested and charged.

130.    INDIVIDUAL DEFENDANTS have a duty to arrest and prosecute individuals only when there is probable cause to effect and arrest and/or subject a person to said prosecution.

131.    INDIVIDUAL DEFENDANTS failed with respect to all of the above-mentioned duties owed to PLAINTIFF.

132.    As a direct proximate cause INDIVIDUAL DEFENDANTS' failures, PLAINTIFF was caused to suffer great harm, including but not limited to, physical and economic injury, emotional pain and suffering, legal costs and fees, false arrest, criminal prosecution, confinement, and other injuries/damages all of which were foreseeable and reasonably foreseeable by DEFENDANT.

133.    PLAINTIFF would not have been cause to suffer any of the above-mentioned injuries but for DEFENDANTS breach of duties and failures.

134.    In actively inflicting and failing to prevent the above stated abuses incurred by PLAINTIFF, DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of PLAINTIFF against illegal search and seizure, detained custody and arrest without other due process violations.

135.    Said rights are guaranteed to PLAINTIFF by the New York State Constitution and the United States Constitution.

136.    The breach of duty under the New York State Constitution by the INDIVIDUAL DEFENDANTS was a direct and proximate cause of the harm suffered by PLAINTIFF. Said harm include, pain and suffering, personal humiliation, and emotional and psychological damage.

137.    By reason of the foregoing, PLAINTIFF has been damaged.

### AS AND FOR THE EIGHTH CAUSE OF ACTION:
### VICARIOUS LIABILITY
(Against New York City)

138.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 137 of this Complaint with the same force and effect as though fully set forth herein.

139.    All of the above-mentioned improper actions taken by the INDIVIDUAL DEFENDANTS were committed while they were acting in furtherance of NEW YORK CITY official business.

140.    All of the above-mentioned improper actions taken by the INDIVIDUAL DEFENDANTS were committed while acting within the scope of their authority and assigned duties as employees, agent, and officer for NEW YORK CITY.

141.    NEW YORK CITY knew and/or should have known that said improper activity and blatant violations of PLAINTIFF'S constitutionally secured rights were taking place by its employees while acting within the scope of their assigned duties.

142.    The INDIVIDUAL DEFENDANTS effected a summary arrest on PLAINTIFF with no probable cause.

143.    The INDIVIDUAL DEFENDANTS filed and/or caused to be filed, false/perjured statements pertaining to the arrest of PLAINTIFF.

144.    The above stated willful, reckless, negligent action taken by the INDIVIDUAL DEFENDANTS against PLAINTIFF, while acting within the scope of their authority was foreseeable and/or should have been reasonably anticipated by NEW YORK CITY.

145.    NEW YORK CITY is responsible and/or liable PLAINTIFF for each and every above-described act committed by the INDIVIDUAL DEFENDANTS while acting within the scope of their authority as employee's, agents, and law enforcements officers for THE CITY OF NEW YORK.

146.    As a direct result of DEFENDANTS grossly negligent acts, PLAINTIFF suffered and are entitled to damage sustained to date.

## PUNITIVE DAMAGES

147.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 146 of this Complaint with the same force and effect as though fully set forth herein.

148.    The acts of the DEFENDANTS were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm PLAINTIFF, without regard for PLAINTIFF'S wellbeing, and were based on a lack of concern and ill-will towards PLAINTIFF.  Such acts therefore deserve an award of punitive damages.

**WHEREFORE**, PLAINTIFF demand judgment against DEFENDANTS:

    i.       Special and Compensatory Damages;

    ii.      Punitive Damages;

    iii.     Award costs of this action including attorney's fees to the PLAINTIFF; and

iv.     An order granting such other legal and equitable relief as the court

deems just and proper,

## A JURY TRIAL IS HEREBY DEMANDED.

Pursuant to Fed. R. Civ. P. 38, PLAINTIFF hereby requests a trial by jury for all issues

so triable.

Dated:      September 7, 2018
            New York, New York

                              Respectfully Submitted,

                              **WEINSTEIN & WEINSTEIN, LLP**
                              *Attorneys for Plaintiff*


                  By:      _____/s_____
                           Jacob Z. Weinstein, Esq. (JW6133)
                           545 Fifth Avenue
                           8th Floor
                           New York, NY 10017
                           E-Mail: Jacob@WeinsteinLLP.com
                           Phone: 646-450-3484